UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
AKASH GHULYANI, on behalf of himself and
other similarly situated consumers,

                      Plaintiff,

        vs.

STEPHENS & MICHAELS ASSOCIATES, INC.,

                      Defendant.
-------------------------------------------------------------------

Civil Action No.: 1:15-cv-5191

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff Akash Ghulyani ("Plaintiff") and other similarly situated consumers, by and through their attorneys, Law Offices of Michael Lupolover, P.C., as and for their Complaint against the Defendant Stephens & Michaels Associates, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

      1.     This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

      2.     Jurisdiction of this Court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

      3.     The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

      4.     Venue is proper in this District 28 U.S.C. §1391(b) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff is a natural person residing in New York, NY and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant is a foreign business corporation based in Salem, NH which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant's principal place of business is located at 7 Stiles Rd, Salem, NH 03079. Defendant's registered agent is located at Corporation Service Company, 80 State St., Albany, NY 12207-2543.

7. Defendant is a "debt collector" as that phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, Defendant, on behalf of Pinnacle Credit Services, LLC, began collecting an alleged consumer debt from the Plaintiff originating with Verizon Wireless ("the alleged debt").

10. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

11. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Within the one (1) year preceding the filing of this complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the alleged debt.

13.     On or about March 17, 2015, Defendant mailed or caused to be mailed to Plaintiff a collection or "dunning" letter via U.S. Mail in an attempt to collect the alleged debt from Plaintiff ("letter").

14.     Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each constituted a "communication" as defined by FDCPA § 1692a(2).

15.     Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each conveyed information regarding the alleged debt directly or indirectly to the Plaintiff.

16.     Defendant's letter is a form letter that Defendant directs at hundreds, if not thousands of consumers within the State of New York.

17.     Defendant's letter states, in relevant part:

                              ACCOUNT STATUS

            Original Creditor: VERIZON WIRELESS
            Original Account #: XXXXXXXXXX0001
            Current Owner: Pinnacle Credit Services, LLC
            Current Account #: XXXX6016
            Client: Pinnacle Credit Services, LLC
            Our File #: XXXX4778
            Total Balance Due as of the Date of this Letter: $714.04

18. Defendant's letter also states, in relevant part:

"We've been authorized to offer a one time settlement by our client Pinnacle Credit Services, LLC."

| Single Payment: | 3 Month Payment Plan: | 6 Month Payment Plan: |
|---|---|---|
| $321.32 | $130.91 | $71.40 |

19. Defendant's letter also states, in relevant part:

**Original Creditor   Original Acct#   Current Owner   Current Acct#   Balance Due Per Acct**

VERIZON WIRELESS   X0001      Pinnacle Credit Services, LLC X6016         714.04

                                                                                                                                           _____

Total of Account Balances:         714.04

20. The bottom of the letter that consists of the return with payment portion states:

    Client: Pinnacle Credit Services, LLC
    Our File #: XXXX4778
    Total Balance Due: $714.04

21. Defendant's letter is contradictory and confusing as to whether the alleged debt will or will not increase due to the accrual of interest, late charges, and/or other charges that may or may not vary.

22. Defendant's letter is deceptive and misleading in that the letter implies both that the alleged debt will increase and will not increase by the usage of conflicting language, "Total Balance Due as of the Date of this Letter" and "Total Balance Due".

23. Further review of said letter, a least sophisticated consumer would be left confused as to the actual amount owed.

24. As of May 2015, Pinnacle Credit Services, LLC reported the alleged debt to the credit reporting agencies against Plaintiff.

25. The amount claimed due on Plaintiff's credit report has not increased from the $714.04 that Defendant demanded from Plaintiff in March 2015.

26. Defendant's usage of the language "Total Balance Due as of the Date of this Letter" implies that the amount of the alleged debt may increase when in fact that is false per the May 2015 credit reporting of Pinnacle Credit Services, LLC.

27. Defendant violated 15 U.S.C. §1692g(1) by insinuating two separate and different balances due in the same letter, thereby leaving the Plaintiff, a least sophisticated consumer, confused as to the balance owed.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers within the State of New York, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. On information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

29. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action

30. The Class is so numerous that joinder of all members is impracticable. On information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

31. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

32. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

33. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

34. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

35. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

39. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

40. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendants' debt collection attempts attempted and/or directed towards the

Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a.     15 U.S.C. §1692e-preface;

    b.     15 U.S.C. §1692e (2)(A);

    c.     15 U.S.C. §1692e (2)(B);

    d.     15 U.S.C. §1692e (10);

    e.     15 U.S.C. §1692f(1).

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Akash Ghulyani demands judgment from the Defendant Stephens & Michaels Associates, Inc. as follows:

    A.     Certification of the class pursuant to Rule 23(b)(3);

    B.     Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

    C.     Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

    D.     For attorneys' fees, costs and disbursements;

    E.     For an award of pre-judgment interest on all sums awarded and/or collected;

    F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Akash Ghulyani hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:	July 2, 2015

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

        By: /s/ Allison Polesky_____
        Allison Polesky, Esq. (AP5446)
        Law Offices of Michael Lupolover, P.C.
        120 Sylvan Ave, Suite 300
        Englewood Cliffs, NJ 07632
        Phone:	201-461-0059
        Facsimile: 201-608-7116
        Email:	allison@lupoloverlaw.com
        Attorney for the Plaintiff Akash Ghulyani