UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
AKASH GHULYANI, on behalf of himself and
other similarly situated consumers,

                     Civil Action No.: 1:15-cv-05191-SAS

                Plaintiff,

     vs.


STEPHENS & MICHAELS ASSOCIATES, INC.,


               Defendant.
----------------------------------------------------------------

## MEMORANDUM IN OPPOSITION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

     NOW INTO THE COURT, through the undersigned counsel, comes Plaintiff, Akash Ghulyani ("Mr. Ghulyani"), which submits this Memorandum in opposition of Defendant's Motion and Memorandum for judgment on the Pleadings.

### A.      PRELIMINARY STATEMENT

     This Memorandum of law is submitted in response to Defendant's motion, which seeks an Order granting it judgment on the pleadings filed in this action. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Mr. Ghulyani received a collection letter from the Defendant, which Mr. Ghulyani alleges is deceptive and misleading under the FDCPA. Mr. Ghulyani accordingly filed suit in this action, on behalf of himself and a putative class. Defendant now moves this Court for a finding that this collection letter was not deceptive or misleading as a matter of law. For the following reasons, it is respectfully submitted that the Defendant's motion be denied as a matter of law.

### B.    PROCEDURAL HISTORY

Mr. Ghulyani filed the instant class action complaint on July 2, 2015. Defendant was personally served with summons and complaint in this action on July 8, 2015. Defendant's answer was due on or before July 29, 2015. Defendant failed to timely answer Mr. Ghulyani's complaint. As a result, Mr. Ghulyani's counsel began the default judgment process. On or about July 31, 2015, Defendant's legal counsel Michael Alltmont from Sessions, Fishman, Nathan & Israel, LLC, contacted the undersigned regarding the pending default. Counsel for both parties agreed to stipulate to the default of Defendant be vacated.

On September 16, 2015, Defendant served a Notice of Motion along with a Memorandum of law pursuant to Fed. R. Civ. P. 12(c). Per Your Honor's Individual Rules a pre-motion conference is not required for a motion of this nature. However per Your Honor's Individual Rules, the parties *must exchange* letters prior to this type of motion being brought. The parties should attempt to eliminate the need for these motions based on this exchange of letters. Where any such motion is made (i.e., Fed. R. Civ. P. 12(c)) the moving party, here the Defendant, must certify that pre-motion letters were exchanged.

Defense counsel, as the moving party, has not exchanged letters with Mr. Ghulyani's counsel regarding the Fed. R. Civ. P. 12(c) motion. Thus, Defense has not and cannot certify that letters were exchanged prior to bring the instant Fed. R. Civ. P. 12(c) motion. As a result, Mr. Ghulyani and his counsel have been afforded no opportunity to eliminate the "need" for this motion and its response.

### C.    STANDARD OF REVIEW

Defendant can only be awarded summary judgment pursuant Fed. R. Civ. P. 12(c) if this Court finds that there is no genuine issue of material fact and if, viewing the facts in the light

most favorable to the non-moving, the moving party is entitled to judgment as a matter of law. For Mr. Ghulyani survive such a motion, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Id. at 679; Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). The complaint should not be dismissed "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Tjartjalis v. Prof'l Claims Bureau, Inc., 2015 U.S. Dist. LEXIS 122881 (E.D.N.Y. Sept. 15, 2015).

In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the non-moving party. Id. Defendant, as the moving party, has the burden of demonstrating the absence of a genuine issue of material fact, in order to be awarded summary judgment. Id. at 223.

### D.      FACTUAL BACKGROUND

Mr. Ghulyani filed the instant class action complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA") committed by Defendant. Mr. Ghulyani has alleged the appropriate elements of an FDCPA violation such that there is no issue of standing. Defendant does not dispute that this Court has subject matter and personal jurisdiction over this action. Further Defendant does not dispute that this Court is the appropriate

venue for this action. Mr. Ghulyani has properly alleged in his complaint that he is a "consumer" pursuant to FDCPA §1692a(3) and that Defendant is a "debt collector" pursuant to FDCPA §1692a(6). Mr. Ghulyani has properly alleged in his complaint that the underlying Verizon debt at issue in this action is a consumer "debt" pursuant to FDCPA §1692a(5).  Finally, there is no dispute among the parties that this action was filed well within the applicable one (1) year statute of limitations pursuant to FDCPA §1692k(d) as the letter at issue in this action is dated March 17, 2015. As such, Defendant cannot prevail on a Fed. R. Civ. P. 12(c) motion based upon the preceding. All necessary elements for standing in an FDCPA claim have been alleged in Mr. Ghulyani's complaint.

On or about March 17, 2015, Defendant mailed or caused to be mailed to Mr. Ghulyani a collection letter in an attempt to collect a Verizon debt that is alleged to be unpaid. *See* Docket No. 21, Exhibit A. Defendant's collection letter contains a box in the upper right hand corner labeled as "ACCOUNT STATUS". In the "ACCOUNT STATUS" box Defendant states "Total Balance Due as of the Date of this Letter: $714.04" Defendant's letter goes on to offer Mr. Ghulyani three (3) settlement options. Two of the three settlement options involve a series of monthly payments that extend beyond the date of the letter at issue in this action.

Defendant's collection letter in the middle of the page states "Total of Account Balances" as $714.04. However Defendant has curiously chosen to use the word balance in plural form (i.e., balances) rather than the singular (i.e., balance). To the left of the preceding verbiage, Defendant states "**\*You may have more accounts in our office. Please call to review all options.\***"

## E.   DEFENDANT'S COLLECTION LETTER IS DECEPTIVE AND MISLEADING AS A MATTER OF LAW

Defendant violated the FDCPA by mailing or causing to be mailed to Mr. Ghulyani a

collection letter which was deceptive and misleading under the statute. 15 U.S.C. §1692e(10), prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." This provision has been referred to as the "catchall" provision, and can be violated in any number of novel ways. Nevertheless, it is well established that "a debt collection letter is deceptive where it can be reasonably read to have two or more meanings, one of which is inaccurate." Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

When analyzing a debt collector's communications with consumers, the courts apply the most widely accepted test based on the "least sophisticated consumer." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). The courts apply this objective standard in order to give effect to the FDCPA's intent to "protect the gullible as well as the shrewd." Id. This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable consumer. Id.

In the preface to the FDCPA, Congress explained that "[t]here is an abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Those tactics contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. The FDCPA is directed to the goals of "eliminating abusive debt collection practices by debt collectors…[and] insuring that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. §1692(e).

In this action, Defendant's collection letter discloses debt information to Mr. Ghulyani and other similarly situated consumers that is contradictory in nature and lends itself to two or more meanings, one of which is inaccurate.

The everyday "least sophisticated consumer" reading Defendant's collection letter can

take away two or more meanings from the letters content, one of which is false. The "least sophisticated consumer" reading Defendant's letter can reasonably conclude that the alleged amount due on the debt would or may increase from Defendant's current demand of $714.04. Defendant's usage of the verbiage "Total Balance Due as of the Date of this Letter" could reasonably be understood to mean that the balance claimed of $714.04 is valid as of the date of the letter only. Further that the alleged balance will or may increase by the time the consumer receives the letter or at some other unspecified future date. At least one of these reasonable conclusions is false.

The everyday "least sophisticated consumer" reading Defendant's collection letter will see that Defendant has made available two (2) monthly payment plan options to pay the alleged debt. The very same consumer could take away two (2) meanings with one (1) of those meanings being false. The consumer can reasonably conclude that, 1) acceptance and payment of a monthly payment plan option offered by Defendant will forever resolve the debt, or 2) acceptance and payment of a monthly payment plan option will merely lower the balance of the alleged debt as the debt will or may be accruing interest/fees/or other sums for other debts. At least one of these reasonable conclusions is false.

The everyday "least sophisticated consumer" reading Defendant's collection letter will see that Defendant is demanding $714.04 as a "Total of Account Balances" (emphasis on plural). The very same consumer could take away two (2) meanings with one (1) of those meanings being false. The consumer can reasonably conclude that, 1) there is one or more debts that Defendant is attempting to collect upon from Mr. Ghulyani that have not been appropriately disclosed, or 2) Defendant is leading Mr. Ghulyani to falsely believe that he owes one or more debts besides the Verizon debt at issue when in fact there are no such debts, or 3) the amount of

$714.04 is the total of the Verizon debt plus one or more other debts. At least one of these reasonable conclusions is false.

The everyday "least sophisticated consumer" reading Defendant's collection letter will see that Defendant is claiming that Mr. Ghulyani "**…may have more accounts in our office. Please call to review all options.**" This assertion by Defendant is either true or false. Mr. Ghulyani can reasonably conclude that he may or may not have one or more debts placed for collection with Defendant. This statement by Defendant lends credence to the deceptive and misleading nature of Defendant's usage of "Total Balance Due as of the Date of this Letter…" and "Total of Account Balances". At least one of these reasonable conclusions is false.

Defendant's usage of "Total Balance Due as of the Date of this Letter…", "Total of Account Balances" (plural), and "**You may have more accounts in our office. Please call to review all options.**" has not appropriately stated "the amount of the debt" as required by FDCPA §1692g(a)(1). Further, the preceding violates FDCPA §1692e(2)(A) because Defendant's letter is deceptive and misleading as to the character or amount of the debt. While Defendant lists the balance as of March 17, 2015 as $714.04 Defendant has also utilized future language in the letter that leads the "least sophisticated consumer" to reasonably consumer to believe the balance is not final as of the date of the letter. At least one of these reasonable conclusions is false.

Defendant's collection letter contains the dispute and validation of debt language required by FDCPA §1692g. Per FDCPA §1692g Defendant is required to provide "the amount of the debt" to Mr. Ghulyani. 15 U.S.C. §1692g(a)(1). Defendant has not provided the amount of the debt when it utilizes language that implies that the amount of the debt in the letter ($714.04) will or may increase. Defendant has not provided "the amount of the debt" as required by the

FDCPA when Defendant utilizes speculative and future language that implies the alleged balance of $714.04 is not the final pay off balance due regardless of the date of payment of the debt. Additionally, Defendant has not provided "the amount of the debt" as required by the FDCPA to Mr. Ghulyani when Defendant states that there may be "**...more accounts in our [Defendant's] office.**". Defendant has failed to identify what "accounts" Mr. Ghulyani has for collection with Defendant. Alternatively, Defendant's statement about having "more accounts" in Defendant's office is a flat out lie. At least one of these reasonable conclusions is false.

### F.    CONCLUSION

For the foregoing reasons, Mr. Ghulyani respectfully requests the Court to deny Defendant's motion in its entirety. To be entitled to a grant of summary judgment, Defendant is required to show that the least sophisticated consumer would not interpret the Defendant's collection letter in the manner alleged by Mr. Ghulyani in this action. This, the Defendant cannot do, particularly when the verbiage of Defendant's letter appears to lead the "least sophisticated consumer" to take away two or more meanings from the letters content, one of which is false.

The Defendant either has one Verizon debt for Mr. Ghulyani or Defendant has one or more debts in addition to the Verizon debt. Defendant is either increasing the balance due to interest, fees or even other debt account(s) or the balance is not increasing at all for any reason. Mr. Ghulyani can come to many reasonable conclusions upon reading Defendant's letter however only one of those conclusions is true. Further, Defendant's usage of the plural regarding "more accounts" without any such disclosure the amount and nature of those debts fails to state the amount of the debt.

Accordingly, Mr. Ghulyani respectfully requests that Defendant's Fed. R. Civ. P. 12(c) motion be denied in its entirety.

Dated:        October 5, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

By: /s/ Allison Polesky
Allison Polesky, Esq. (AP5446)
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave, Suite 300
Englewood Cliffs, NJ 07632
Phone:      201-461-0059
Facsimile: 201-608-7116
Email:      ap@lupoloverlaw.com
Attorney for the Plaintiff Akash Ghulyani

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of October, 2015 a copy of the foregoing was served

electronically via CM/ECF on the following:

Aaron R. Easley, Esq.
Sessions, Fishman, Nathan & Israel, LLC
2303 Oxfordshire Road
Furlong, PA 18925-1251

<u>/s/ Allison Polesky</u>
Allison Polesky