```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
AKASH GHULYANI,                                         :
                                                        :
                        Plaintiff,                      :    OPINION AND ORDER
                                                        :
        - against -                                     :    15-cv-5191 (SAS)
                                                        :
STEPHENS & MICHAELS ASSOCIATES,                         :
INC.,                                                   :
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/15

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Akash Ghulyani brings this putative class action against Stephens & Michaels Associates, Inc., alleging violations of sections 1692e, 1692f, and 1692g of Title 15 of the United States Code (the Fair Debt Collection Practices Act, "FDCPA"). Defendant has moved for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons discussed below, defendant's motion is GRANTED in part and DENIED in part.

## II. BACKGROUND

Stephens & Michaels Associates, Inc., ("SMA") is a debt collector as

defined by the FDCPA[1] and Ghulyani is a consumer.[2] On March 17, 2015, defendant sent Ghulyani a form debt collection notice (the "Letter") seeking to collect a debt he owed to Verizon.[3] The Letter states "Total Balance Due as of the Date of this Letter: $714.04."[4] The Letter also states that "We've been authorized to offer a one time settlement," and provides three settlement options: A single payment ($321.32), a 3-month payment plan ($130.91/month), and a 6-month payment plan ($71.40/month).[5] In the "PLEASE RESPOND" portion of the Letter, defendant restates "Total of Account Balances: $714.04" and states "You may have more accounts in our office. Please call to review all options."[6] The bottom of the Letter that consists of the return with payment portion reads, in relevant part, "Total Balance Due: $714.04."[7]

Ghulyani alleges that the Letter "violate[s] provisions of the

---

[1] *See* 15 U.S.C. § 1692(a)(6); Complaint ("Compl.") ¶ 7.

[2] *See* 15 U.S.C. § 1695(a)(3); Compl. ¶ 5.

[3] *See* Compl. ¶ 13.

[4] *Id.* ¶ 17.

[5] *Id.* ¶ 18.

[6] Stephens and Michaels Associates, Inc. Collection Letter, Ex. A to Defendant's Memorandum in Support of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Def. Mem.").

[7] *See* Compl. ¶ 20.

FDCPA."[8]  In his opposition to this motion, Ghulyani provides several arguments explaining why this is so:  *First*, by falsely insinuating that interest may be charged over time through use of the language "Balance Due as of the Date of this Letter;" *second*, by providing allegedly confusing payment plans which could be interpreted to mean payment would merely reduce the balance of the debt, instead of resolving it; and *third*, by falsely suggesting that Ghulyani may have one or more debts not reflected in the Letter by using the language "You may have more accounts in our office."[9]  Ghulyani further alleges that the Letter does not specify the amount of the debt owed, in violation of section 1692g, and that the Letter amounts to an unreasonable or unconscionable attempt to collect a debt in violation of section 1692f.[10]  Defendant denies that the Letter violates the FDCPA, and argues that Ghulyani should not be permitted to raise facts or arguments not contained in the Complaint in his opposition to this motion.[11]

## III.  LEGAL STANDARD

---

[8]     *Id.* ¶ 42.

[9]     *See* Plaintiff's Memorandum in Opposition of Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Pl. Opp.") at 4-8.

[10]    *See* Compl. ¶ 42.

[11]    *See* Defendant's Reply to Plaintiff's Opposition to Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Reply Mem.") at 1-3.

At any time after the pleadings are closed, but before trial commences, a party may move for judgment on the pleadings under Rule 12(c). "A grant of a motion pursuant to Rule 12(c) is proper 'if, from the pleadings, the moving party is entitled to judgment as a matter of law.'"[12]

"[T]he legal standards of review for motions to dismiss and motions for judgment on the pleadings 'are indistinguishable.'"[13] "On a motion to dismiss or for judgment on the pleadings [courts] 'must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'"[14] Courts are not bound to accept as true legal conclusions couched as factual allegations.[15] The court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by

---

[12] *Dargahi v. Honda Lease Trust*, 370 Fed. App'x 172, 174 (2d Cir. 2010) (quoting *Burns Int'l Sec. Servs., Inc. v. International Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam)).

[13] *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (quoting *DeMuria v. Hawkes*, 328 F.3d 704, 706 n.1 (2d Cir. 2003)).

[14] *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (quoting *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)).

[15] See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

reference in the complaint."[16]

## IV.   APPLICABLE LAW

### A.   FDCPA

#### 1.   Overview

In the Second Circuit, the question of whether a debt collector's conduct violates the FDCPA is determined objectively from the viewpoint of the "least sophisticated consumer."[17] The purpose of the least sophisticated consumer standard is to protect "the gullible as well as the shrewd."[18] In applying this standard, the court must bear in mind the FDCPA's "dual purpose" of (1) protecting consumers against deceptive debt collection practices and (2) protecting

---

[16]   *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

[17]   *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). Although courts are divided on whether breach of the least sophisticated consumer standard is a question of law or fact, the trend in the Second Circuit is to treat this question as a matter of law that can be resolved on a motion to dismiss. *See generally* Christian Stueben, *Judge or Jury? Determining Deception or Misrepresentation Under the Fair Debt Collection Practices Act*, 78 Fordham L. Rev. 3107, 3133 n. 236, 3135-37 (2010) (surveying cases and concluding that breaches of the least sophisticated consumer standard in the Second Circuit are more often treated as questions of law than fact under section 1692g and always treated as questions of law under section 1692e). Given this trend, and the fact that no party has argued otherwise, I treat all claims as questions of law.

[18]   *Jacobson*, 516 F.3d at 90.

debt collectors from unreasonable constructions of their communications.[19] Thus, the FDCPA does not aid consumers whose claims are based on "bizarre or idiosyncratic interpretations of collection notices."[20]

### 2. Section 1692e's General Prohibition and Section 1692e(10)

While section 1692d of the FDCPA enumerates a number of actions that are expressly forbidden, section 1692e bars the general use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt."[21] This includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[22] A validation notice is deceptive, and thus violates section 1692e(10), "when it can be reasonably read to have two or more different meanings, one of which is inaccurate."[23] When a statement is susceptible of only one reasonable interpretation, the court should determine whether that interpretation is false in violation of section 1692e(10), ignoring any unreasonable

---

[19] *Id.*

[20] *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).

[21] 15 U.S.C. §§ 1692d, 1692e.

[22] *Id.* § 1692e(10).

[23] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

interpretations.[24]

### 3. Section 1692g of the FDCPA

The FDCPA requires that a debt collector provide the consumer with a validation notice when collecting on consumer debt.[25] The notice must state "the amount of the debt," the name of the creditor, a statement that a debt will be assumed to be valid unless disputed by the consumer within thirty days from receipt of the notice, and an offer to verify the debt and provide the name and address of the creditor if the consumer sends a written request for such information.[26] Even if the notice contains all the information required by the FDPCA, it still violates section 1692g if it "is overshadowed or contradicted by other language in communications to the debtor."[27] A communication "overshadows or contradicts the validation notice 'if it would make the least sophisticated consumer uncertain as to her rights.'"[28]

### 4. Section 1692f of the FDCPA

---

[24] *See, e.g., Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 191 (S.D.N.Y. 2009) (rejecting plaintiff's allegation that debtor's statement was false because plaintiff's "interpretation [was] manifestly illogical").

[25] *See* 15 U.S.C. § 1692g.

[26] *Id.* § 1692g(a).

[27] *Jacobson*, 516 F.3d at 90.

[28] *Id.* (quoting *Russell*, 74 F.3d at 35).

The FDCPA mandates that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."[29] "Where the allegations do not identify any misconduct beyond that which plaintiff asserts violates other provisions of the FDCPA, plaintiff has not stated a claim for relief under section 1692f."[30]

### B. Leave to Amend

Rule 15(a)(2) provides that, other than amendments as a matter of course, "a party may amend [its pleading] only by leave of court or by written consent of the adverse party."[31] Although "[t]he Court should freely give leave when justice so requires,"[32] it is "within the sound discretion of the district court to grant or deny leave to amend."[33] When a motion to dismiss is granted, "'[i]t is the usual practice . . . to allow leave to replead.'"[34] Where a plaintiff inadequately

---

[29] 15 U.S.C. § 1692f(1).

[30] *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10 Civ. 5868, 2011 WL 4344044, at *9 (S.D.N.Y. Sept. 8, 2011).

[31] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (citation and quotation marks omitted).

[32] Fed. R. Civ. P. 15(a)(2).

[33] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted).

[34] *Schindler v. French*, 232 Fed. App'x 17, 19 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

pleads a claim and cannot offer additional substantive information to cure the deficient pleading, granting leave to replead is futile.

## V.     DISCUSSION

### A.     Plaintiff's 1692e Claims

#### 1.     "As of the Date of this Letter"

Ghulyani asserts that the Letter implies that interest or other fees may apply to his balance, which may therefore increase over time, due to the language "Total Balance Due as of the Date of this Letter." One of these interpretations, Ghulyani argues, must be false — and therefore this language violates section 1692e. Defendant argues that the Letter "clearly and repeatedly states the amount due is $714.04,"[35] and that when read in its entirety the Letter in no way suggests that interest may apply to Ghulyani's balance.

Defendant is correct. This is not a case where a debt collector sends a communication explicitly stating that interest may or may not be applicable to an account, and that the total balance may in fact be greater than that stated in the letter.[36] In that event, the least sophisticated consumer could clearly reach two

---

[35]     Def. Mem. at 6.

[36]     *See, e.g.*, *Beauchamp v. Financial Recovery Serv., Inc.*, No. 10 Civ. 4864, 2011 WL 891320, at *1 (Mar. 14, 2011) (Scheindlin, J.) (denying a motion to dismiss an FDCPA claim where a debt collection letter read "INTEREST, LATE CHARGES, AND OTHER CHARGES MAY OR MAY NOT BE APPLICABLE

conclusions about the state of his debt:  That it (1) will increase due to interest, or (2) will not increase due to interest.  Defendant's letter includes no such language, and in fact never alludes to interest at all — it provides the amount of debt due, provides options to settle that debt, and provides payment information.

A least sophisticated consumer could not interpret the Letter to suggest that his debt could increase over time.  Ghulyani, in an attempt to find such an interpretation, asks this Court to re-write the Letter, pretending the clause "Balance Due as of the Date of this Letter" actually reads "Balance Due as of the Date of this Letter, as your balance may be subject to increase due to interest, late fees, or other charges."  I decline to reconstruct the Letter to support this far-fetched and implausible interpretation.  "[T]he FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices;"[37] and the interpretation espoused by Ghulyani is indeed idiosyncratic — much more likely to be arrived at by an enterprising plaintiff's lawyer than by a least sophisticated consumer.

Even assuming *arguendo* that a least sophisticated consumer could

---

TO THIS ACCOUNT . . . AND THUS THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER," *and* where interest *never* applied to the type of debt in question).

[37]     *Jacobson*, 516 F.3d at 90.

reasonably interpret the clause "as of the Date of this Letter" to indicate that interest may or may not accrue on his debt, Ghulyani has pled insufficient facts in his Complaint to demonstrate that one of those interpretations is false. To support this necessary prong of a 1692e claim, Ghulyani asserts that no interest accrued on his debt between March and May 2015, based on a credit report obtained by the plaintiff.[38] Accepting these allegations as true — as I must on a motion for judgment on the pleadings — they say nothing about whether interest or fees *could* accrue on Ghulyani's debt. The facts in the Complaint merely demonstrate that Ghulyani's debt did not increase between March and May 2015.

For both of these reasons, judgment on the pleadings in defendant's favor on this 1962e claim is appropriate. Because Ghulyani's claim is entirely based on his interpretation of the Letter, and because nothing in that Letter can support his interpretation as a matter of law, it would be futile to permit Ghulyani to amend his Complaint. Accordingly, leave to amend as to this claim is denied.

### 2. Payment Plans

Ghulyani argues that the settlement options contemplated by the Letter violate section 1692e, as a least sophisticated consumer could determine either that the "one time settlement" would retire his debt, or that the "one time

---

[38] Compl. ¶¶ 24-25.

settlement" would not be one-time at all, and instead merely decrease his debt by the amount paid.[39] As with the previous claim, I find these purported alternative interpretations of the Letter's straightforward language idiosyncratic, and outside the realm of what a least sophisticated consumer could understand. The plain terms of the Letter are minimal and straight forward: Defendant will accept a settlement in lieu of the full debt amount, which would retire the debt in full. Judgment on the pleadings in defendant's favor on this 1962 claim is appropriate. For the same reasons as described above, leave to amend as to this claim is denied.

### 3. "You May Have More Accounts"

Finally, Ghulyani argues that a least sophisticated consumer could read the letter and reasonably conclude that she owes one or more debts besides the debt at issue. The Letter states, in relevant part, "You may have more accounts in our office. Please call to review all options."[40]

---

[39] Defendant argues that plaintiff raised this argument for the first time in his opposition to this motion, and that it should therefore be barred from consideration. This is incorrect — plaintiff pled facts concerning the payment plans in his Complaint. *See* Compl. ¶ 18.

[40] Defendant's argument that Ghulyani should not be permitted to raise this fact in opposition to this motion is without merit. While it is true this fact is not referenced in the Complaint, a court may consider a document that is not incorporated by reference in a complaint "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco*, 622 F.3d at 111 (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). The Letter is integral to Ghulyani's Complaint, which relies solely

Here, a least sophisticated consumer could believe that he is subject to an additional debt not detailed in the Letter. Defendant asserts in its reply that the "portion of the letter plaintiff cites lists *all* accounts placed with [SMA] owed by plaintiff, to the extent there are *any*."[41] If it is true that *all* debts owned by SMA are listed in the Letter (as defendant itself admits), yet language appears in the Letter indicating other debts may exist, a least sophisticated consumer could indeed be misled by the language of the Letter. Ghulyani's pleadings are sufficient to support this 1692e claim at this stage of the proceedings.

### B. Plaintiff's 1692g Claim

Ghulyani argues that because the least sophisticated consumer could think that his balance due may increase over time upon reading the Letter, the Letter necessarily fails to state the amount of the debt owed as required by section 1692g of the FDCPA. Defendant argues that "[t]he Letter clearly and repeatedly states the amount due is $714.04."[42] As discussed above, based on the facts and allegations contained in the pleadings a least sophisticated consumer could not reasonably interpret the Letter to suggest that his balance could increase over time,

---

and entirely on its terms. I am therefore considering this Letter in its entirety in deciding defendant's motion for judgment on the pleadings.

[41] Reply Mem. at 3 (emphasis added).

[42] Def. Mem. at 6.

and Ghulyani has further failed to plead sufficient facts demonstrating that such an interpretation would be false. The Letter clearly states the amount owed in three separate places, including in the detachable return with payment section. Judgment on the pleadings in defendant's favor is appropriate as to this claim. For the same reasons as described above, leave to amend as to this claim is denied.

### C. Plaintiff's 1692f Claim

Plaintiff also alleges that defendant violated section 1692f's general prohibition of unconscionable conduct in collecting or attempting to collect a debt.[43] However, the Complaint does not articulate any separate allegations supporting plaintiff's 1692f claim, instead lumping the 1692f claim together with the 1692e claim. "Where the allegations do not identify any misconduct beyond that which plaintiff asserts violates other provisions of the FDCPA, plaintiff has not stated a claim for relief under section 1692f."[44] Plaintiff has therefore failed to plead a claim under section 1692f, and a judgment on the pleadings is appropriate. Leave to amend is granted as to this claim, as the possibility exists that Ghulyani could separate facts demonstrating the alleged unfair or unconscionable nature of

---

[43] Compl. ¶ 42.

[44] *Suquilanda*, 2011 WL 4344044, at *9. Plaintiff does not reference, let alone rebut, this argument in his Opposition.

defendant's debt collecting process.

## VI. CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is GRANTED with respect to plaintiff's 1692f, 1692g, and certain of plaintiff's 1692e claims as described above and DENIED as to the remaining 1692e claim. Leave to amend is granted as to the section 1692f claim only. The Clerk of Court is directed to close this motion (Dkt. No. 20). A conference is scheduled for November 3, 2015 at 4:00 PM.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
October 26, 2015

## -Appearances-

**For Plaintiff:**

Allison Diana Polesky, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave, Suite 300
Englewood Cliffs, NJ 07632
(201) 461-0059

**For Defendant:**

Aaron R. Easley, Esq.
Sessions, Fishman, & Nathan & Israel LLC
3 Cross Creek Drive
Flemington, NJ 08822
(908) 237-1660